IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. Rodney E. Jones, #244189, )<br>)<br>     Petitioner, )<br>)<br>vs. )<br>)<br>)<br>State of South Carolina; and )<br>Henry McMaster, Attorney )<br>General of the State of South Carolina, )<br>)<br>     Respondents. )<br>                 ) | Civil Action No. 3:05-0251-MBS-JRM<br><br><br>**REPORT AND RECOMMENDATION** |

  Petitioner, M. Rodney E. Jones ("Jones"), is an inmate at the South Carolina Department of Corrections serving a sentence of fifteen years for burglary and grand larceny. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 18, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on April 28, 2005. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on May 2, 2005, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on May 5, 2005.

## Discussion

  Respondents assert that the petition should be dismissed because it is untimely and fails to raise a cognizable issue.

---

[1]This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed February 8, 2005.

1.  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations in § 2254 is not jurisdictional, but is subject to the doctrine of equitable tolling. This doctrine allows courts to forgive untimely petitions based on "extraordinary circumstances" beyond the inmates control which cause the delay. Bilodeau v.

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

Angelone, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999). Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the inapplicability of the statute. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

The material dates are:

(1) September 18, 1997. Jones enters his guilty plea. (App., p. 1).

(2) No direct appeal was filed.

(3) **September 28, 1997**. Jones' conviction becomes final (Rule 203(b)(2), SCRAP).

(4) **February 24, 1998**. Jones files his first PCR application.

(5) **September 14, 1999**. PCR court denies Jones' PCR application.

(6) Jones did not seek review of the court's order.

(7) **November 17, 2000.** Jones files second PCR application.

(8) **September 29, 2003**. PCR court denied second PCR application.

(9) April 27, 2004. Johnson[3] petition for writ of certiorari filed.

(10) **January 7, 2005**. South Carolina Supreme Court denied certiorari.

(11) **January 18, 2005**. Present petition filed.

There are three period of untolled time between the final date of Jones' conviction and the filing of the present action: (1) the date upon which the conviction became final (September 28, 1997) until the filing of the first PCR (February 24, 1998) - 149 days; (2) the date from the denial of the first PCR (September 14, 1999) until the filing of the second PCR (November 17, 2000) - 416 days; and (3) the date of denial of certiorari (January 7, 2005) until the filing of this action

---

[3]Johnson v. State, 294 S.C. 310, 364 S.E2d 201 (1988).

3

( January 18, 2005) - 11 days. Thus, there are five hundred and seventy six (576) days of untolled time between the date of Jones' final conviction and the filing of this action. This action is clearly untimely.

2. Merits

Respondents assert that they are entitled to summary judgment because Jones' grounds for relief in this court are not cognizable because they present only matters of state law. Jones alleges he is entitled to a writ of habeas corpus on the following grounds:

(1) The South Carolina Supreme Court erred in failing to grant the Petitioner relief and "vacate fifteen years time sentence on defective indictment";

(2) The Petitioners indictment was defected [sic] due to it being altered on its face and within its body;

(3) The South Carolina Court of General Sessions lacked "subject matter jurisdiction" to accept the Petitioner's guilty plea due to defected [sic] indictment;

(4) Fairfield County grand jury lacked jurisdiction to indict the Petitioner on criminal offenses that the petitioner did not waive extradition to come to the State of South Carolina for.

Respondents assert that these claims are not cognizable because they involve issues of state law which should not be considered by a federal court. "Under 28 U.S.C. § 2241, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37 (1984). The statute specifies that a prisoner is entitled to a writ of habeas corpus when he is in custody "in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241.

The Supreme Court reaffirmed this understanding of § 2241 in the case of Lewis v. Jeffers, 497 U.S. 764 (1990). "Because federal habeas corpus relief does not lie for errors of state law

4

. . ., federal habeas review of a state court's application of [state law] is limited." In <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991), the Court reiterated,

> [W]e reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. <u>Id.</u> (Citations omitted).

Unless the petitioner can point to a specific constitutional protection which was denied him, or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice, he may not obtain relief, <u>Chance v. Garrison</u>, 537 F.2d 1212 (4th Cir. 1976), citing <u>Grundler v. North Carolina</u>, 283 F.2d 798, 802 (4th Cir. 1960).

Jones has presently only matters of state law for review.

## **Conclusion**

Based on a review of the record, the undersigned finds that the present petition is untimely and presents grounds not cognizable in this Court. It is, therefore, recommended that respondents' motion for summary judgment be granted, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

September 16, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

5

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
