IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| M. Rodney E. Jones, #244189, )<br>) C/A No. 3:05-CV-0251-MBS-JRM<br>Petitioner, )<br>)<br>vs. )<br>) **OPINION AND**<br>State of South Carolina, and ) **O R D E R**<br>Henry McMaster, Attorney General )<br>of the State of South Carolina )<br>)<br>Respondents. )<br>_____) | |

     Petitioner M. Rodney Eugene Jones ("Jones"), appearing pro se, filed this suit while incarcerated at the South Carolina Department of Corrections. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 18, 2005.

     This matter is before the court on Respondents' motion for summary judgment filed April 28, 2005. By order filed May 2, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 5, 2005, Petitioner filed a memorandum in opposition to Respondents' motion.

     In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge filed a Report and Recommendation on September 16, 2005, in which he reviewed the merits of Petitioner's claims and recommended that Respondents' motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation ("Petitioner's Objections") on September 22, 2005.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In this case, the court concurs in the Magistrate Judge's recommendation and concludes that Respondents' motion for summary judgment should be granted.

## FACTS

On March 22, 1997, Petitioner burglarized a private dwelling near Medford, South Carolina, and took possession of items from the home valued at approximately $4,000. Transcript of September 18, 1997 Plea and Sentencing, p. 10-13. On March 23, 2007, Petitioner burglarized the parsonage of the Medford Baptist Church in Medford, South Carolina, and took possession of various items. Id. The above enumerated crimes were in violation of S.C. Code Ann. §§ 97-20-289, 97-20-290, and 97-20-291.

Petitioner was apprehended by police on or about March 26, 1997, and was arrested for possession of a stolen vehicle. Id., p. 11. When the police conducted an inventory of items found in the car, they located items that directly linked Petitioner to the burglaries from March 22-23, 1997.

Id. The recovered items included an answering machine with the church's greeting on a tape, a cellular telephone, a camera, and undeveloped film containing pictures taken by the victim of his child's birthday party prior to the burglary. Id.

On September 18, 1997, Petitioner entered a plea of guilty to burglary in the second degree and grand larceny. Based on his plea, Petitioner was sentenced to concurrent terms of imprisonment of fifteen years for burglary in the second degree and five years for grand larceny. Id., p. 19. Since Petitioner failed to file a direct appeal, his conviction became final on September 28, 1997. Over the subsequent years, Petitioner filed two applications for post-conviction relief and a petition for writ of certiorari from the South Carolina Supreme Court, all of which were denied. He has also filed several petitions for writ of habeas corpus and miscellaneous relief before this court.

## DISCUSSION

As his first objection, Petitioner argues that the Magistrate Judge improperly granted the Respondents' motion for enlargement of time to file an answer. This court may reconsider any ruling of the Magistrate Judge and may set aside a ruling where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Pursuant to Local Civil Rule 12.01 DSC, "one extension in writing may be granted by a party to respond to an original or amended pleading in which a claim is asserted." In this case, Respondents requested additional time to respond to Petitioner's pleading, which is customary and contemplated by the local rules. The Magistrate Judge's decision to grant an extension was authorized under the local rules. The Petitioner's objection is without merit.

As his second objection, Petitioner asserts that the Magistrate Judge erred in concluding that the within petition is time barred. In support of his objection, Petitioner contends that his "claims

of multiplicious [sic] defected [sic] indictment 'are subject matter jurisdictional' claims which can be raised at any time. Petitioner's Response to Report and Recommendation, p. 1. Petitioner cites Louisville & Nashville Railroad Company v. Mottley, 211 U.S. 149 (1908) to support his position. The court disagrees.

To the extent that Mottley stands for the proposition that subject matter jurisdiction can be raised at any time, 28 U.S.C. § 2244 supersedes and provides for a one-year statute of limitations for filing a habeas petition by persons in custody pursuant to the judgment of a state court. As explained in the Report and Recommendation, Petitioner did not file for a writ of habeas corpus until January 18, 2005. Report and Recommendation, p. 3. Petitioner's filing date was more than one-year after his conviction became final on September 28, 1997. In accordance with 28 U.S.C. § 2244(d)(2), the Magistrate Judge tolled the time periods during which Petitioner was seeking appellate review in the state court. Under this approach, the petition is untimely. Petitioner's objection is without merit.

## CONCLUSION

For the above reasons, Respondents' motion for summary judgment is **granted** on the grounds that Petitioner's prayer for writ of habeas corpus is untimely. The case is **dismissed** with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
October 26, 2005

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**